## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                          )
v.                         )      ID No. 0912011155
                          )
EARL BRADLEY,        )
                          )
        Defendant.      )

Submitted: April 24, 2017
Decided: May 18, 2017

**Upon Defendant's Second Motion for Postconviction Relief – DISMISSED**
**Upon Defendant's Motion for Judicial Recusal - DENIED**

### ORDER

Elizabeth R. McFarlan, Esquire, Department of Justice, 820 N. French Street, Wilmington, DE 19801. Attorney for State of Delaware.

Earl Bradley, MacDougall-Walker Correctional Institution,1153 East Street South, Suffield, CT 06080. *Pro Se* Defendant.

**CARPENTER, J.**

On this 18th day of May 2017, upon consideration of Petitioner Earl Bradley's ("Bradley" or "Petitioner") Second Motion for Postconviction Relief, it appears to the Court that:

1.      A Grand Jury indicted Bradley, a former pediatrician, on February 22, 2010, charging him with multiple counts of first degree rape, second degree assault, sexual exploitation of a child, first and second degree unlawful sexual contact, and continuous sexual abuse of a child.[1] On July 9, 2010, Bradley moved to suppress all evidence seized from his medical practice during a search executed pursuant to a warrant in December 2009. Following a two-day evidentiary hearing, this Court denied the motion. Thereafter, Bradley waived his right to a jury trial, and proceeded to a bench trial based on an amended superseding indictment.

2.      On June 23, 2011, the Court found Bradley guilty of fourteen counts of Rape in the First Degree, five counts of Assault in the Second Degree, and five counts of Sexual Exploitation of a Child for acts of sexual and physical abuse committed against children. He was sentenced to fourteen mandatory life sentences and 164 years at Level V incarceration for these crimes.

3.      On appeal, the Delaware Supreme Court sitting *en Banc* affirmed the Court's ruling on Bradley's Motion to Suppress, finding that the affidavit of

_____

[1] Because the facts of Bradley's case are set forth in the Court's April 2011 and June 2015 Opinions, and Delaware Supreme Court's decisions affirming those opinions, they will not be repeated in detail here. *See State v. Bradley*, 2011 WL 1459177 (Del. Super. Ct. Apr. 13, 2011), *aff'd*, 51 A.3d 423 (Del. 2012); *State v. Bradley*, 2015 WL 3551898, at *1 (Del. Super. Ct. June 5, 2015), *aff'd*, 135 A.3d 748 (Del. 2016).

2

probable cause alleged sufficient facts to support the search warrant and that the execution of the warrant was reasonable and within the bounds of the warrant issued.

4. Bradley filed his first Motion for Postconviction Relief *pro se* on February 27, 2013. Patrick Collins, Esquire ("Mr. Collins") and Albert Roop, Esquire ("Mr. Roop") were appointed to represent Bradley in connection with his initial postconviction proceedings, and amendments to the motion were submitted thereafter. There, Bradley first sought relief on five grounds:

> (1) State action deprived him of his choice of counsel under the Sixth Amendment to the United States Constitution and Article I, § 7 of the Delaware Constitution; (2) Ineffective assistance of trial counsel for failing to challenge the trial court's consideration of evidence outside of the four corners of the search warrant; (3) Ineffective assistance of appellate counsel for failure to raise the issue of the trial court's consideration of evidence outside of the four corners of the search warrant on appeal; (4) Ineffective assistance of appellate counsel for failing to move for reargument following the Delaware Supreme Court's Opinion affirming conviction after it misapprehended a key fact; (5) Ineffective assistance of counsel for failing to effectively assert or move for reargument on Detective Spillan's "unguided, discretionless" search of digital items violated the Fourth Amendment of the United States Constitution and Article I, § 6 of the Delaware Constitution.[2]

5. This Court denied Bradley's first postconviction motion, and Bradley appealed. While the appeal was pending, postconviction counsel moved for appointment of substitute counsel at Bradley's request. On January 14, 2016, the

---

[2] *State v. Bradley*, 2015 WL 3551898, at *1.

Delaware Supreme Court denied Bradley's motion seeking appointment of substitute counsel and ordered that postconviction counsel continue representing Bradley on appeal.[3] The Delaware Supreme Court ultimately affirmed this Court's denial of postconviction relief in its Opinion issued March 3, 2016.

6. On March 29, 2016, Petitioner filed, *pro se*, a Second Motion for Postconviction Relief.[4] A number of supporting memoranda and *pro se* motions to amend this second postconviction motion to include additional claims were filed thereafter.[5] Then, on May 11, 2016, Petitioner filed a "third" Motion for Postconviction relief *pro se*.[6] The Court will consider the filings as Bradley's Second Motion for Postconviction Relief. Collectively, Bradley claims twenty-four grounds for relief:

> 1. Ineffective Assistance of Postconviction Counsel. Bradley claims Mr. Collins "failed to include multiple issues of merit as grounds or claims" and "violated his duties" under the Delaware Rules of Professional Conduct.
>
> 2. Constructive Denial of Postconviction Counsel. According to Petitioner, Mr. Collins "failed to render assistance regarding several issues of merit" and Mr. Roop "withdrew without notice and without replacement."

---

[3] *Bradley v. State*, No. 300, 2015, Cr. ID No. 091201155 (Del. Jan. 14, 2016) (ORDER). *See also Bradley v. State*, 135 A.3d at 756 (explaining denial and noting that "in support of his request for new counsel, Bradley alleged, in conclusory fashion, that Postconviction Counsel was ineffective and violated the Rules of Professional Conduct").
[4] D.I. 136.
[5] D.I. 138-39, 143-44, 146-150.
[6] D.I. 152.

3. Denial of Right to Self-Representation. Petitioner claims his request to proceed *pro se* was ignored, the Supreme Court "forced" continued representation by Mr. Collins, and that his motion requesting that Justice Strine affirm "duty to sit" was ignored.

4. Delaware State Police has an Institutional Policy of Unconstitutional Computer Searches. Bradley claims the search in his case was conducted to a "calculated institutional policy" "frowned upon by the U.S. Supreme Court. According to Bradley, the Court "abused discretion when this issue received improper application of law to the facts" and the counsel "was ineffective by not pursuing the issue."

5. Outbuilding Listing in NAME Block Invalid. Petitioner claims the Courts "abused discretion when principles of *Groh v. Ramirez*[7] and *Doe v. Groody*[8] were not followed."

6. Application of *Maryland v. Garrison*[9] Withheld. Petitioner claims this Court cited the case, but abused its discretion in neglecting to follow "the case's directives" and "counsel was ineffective" for not "argu[ing] the issue."

7. Harmless Error Standard of *Chapman v. California*[10] Violated. Bradley alleges a "harmless error analysis was required but denied" and that the Court "abused discretion" by "fail[ing] to acknowledge or address the validity and relevance of 'intangible evidence.'" Bradley further contends, in this respect, that "counsel was ineffective when they failed to pursue and argue the issue."

8. Violation of Fifth Amendment. According to Petitioner, police violated the Fifth Amendment when they "shifted from searching for patient files to be located on a business/private computer located in the medical office – to a private dated file (diary)—located on a private computer in a private location." Petitioner claims "counsel was ineffective by not pursuing the issue."

---

[7] 540 U.S. 551 (2004).
[8] 361 F.3d 232 (3d Cir. 2004).
[9] 480 U.S. 79 (1987).
[10] 386 U.S. 18 (1967).

9. Staleness. Bradley alleges the "2009 warrant was largely a resubmission of a failed 2008 application" and "no attempt to refresh the stale information was made."

10. Franks/Reverse Franks Violations. Petitioner claims facts about "the 2008 failed warrant application were available, known, and known to be relevant, but withheld from the magistrate," "Detective Gray's investigation of employee fraud was relevant but redacted...to preserve witness credibility," and "Dr. Alan De Jong's input was favorable to [Petitioner] but not adequately explained or included." According to Petitioner, "counsel was ineffective by not effectively raising the issue."

11. Witness Six Should Have Been Disqualified. "Witness six was not interviewed by affiant as affiant represented" and the "statement was double hearsay," according to Bradley.

12. Witness Two Disqualification. Bradley contends "witness two's statements were stale and unqualified as to who said what to whom and when."

13. Detective Elliott's Deception/Perjury. Petitioner claims there are "fundamental inconsistencies, misleading statements, and frank perjury" in the record with respect to Detective Elliott's testimony and that the Court abused its discretion and counsel was ineffective in this regard.

14. Photography – Absent Probable Cause. According to Petitioner, "photographic images and video were outside and beyond the warrant's scope" and this Judge "created an unsupported key fact which was false and prejudicial to [Petitioner]."

15. Speedy Trial Deprivation. Bradley further claims he was deprived of the right to speedy trial because his trial was "postponed well beyond the one-year guideline pursuant to attorney conflict which deferred to...a defendant in another case...with the same attorneys."

16. Cumulative Error. In support of this claim, Bradley merely states that a "totality of the circumstances" approach "is required to fairly evaluate judicial abuses of discretion."

17. Judicial Bias.

18. Absent Nexus. According to Petitioner, "the…affidavit failed to provide the required nex[us] in violation of U.S. Supreme Court directives…in *Warden v. Hayden*."[11]

19. Constructive Denial of Counsel. Bradley claims the Court's finding that "Eugene Maurer was not [Bradley's] attorney, but rather his family's" left him "entirely unrepresented at critical junctures.".

20. Denial of Trial by Jury. Bradley claims the validity of his decision to waive his right to a jury trial is "questionable" because he had not been established mentally competent.

21. Confrontation Clause Neglected. Bradley contends his trial attorneys were ineffective "when they did not use the trial as an opportunity to favorably expand the factual record" and neglected to challenge witnesses.

22. Detective Spillan Exceeded his Authority When he Deliberately Neglected the "Particularity Requirement," Instead Using his own Discretion. Bradley alleges the standards of *Wheeler v. State*[12] were not followed and that the "Spillan search was never fairly adjudicated." Bradley also claims counsel was ineffective in this regard.

23. The Superior Court Lost Jurisdiction When Fundamental Constitutional Rights Were Violated and Proceedings had Extreme Irregularities.

24. The Magistrate's Role was to Make Reasonable Inferences, Which was Usurped by Detective Elliott, and Later by the Court.

---

[11] 387 U.S. 294 (1967).
[12] 135 A.3d 282 (Del. 2016).

Petitioner claims Mr. Collins was ineffective when he refused Petitioner's request that he file a motion for reargument after *Wheeler v. State*.[13]

7. In order to protect the finality of criminal convictions, the Court must first consider the procedural requirements set forth under Rule 61 before addressing the merits of the motion.[14] Defendant's Motion for Postconviction Relief was filed in March 2016. Accordingly, the June 1, 2015 version of Rule 61 applies.

8. As this is Bradley's second postconviction motion, Rule 61(d)(2) pertaining to successive motions is applicable.[15] Under Rule 61(d)(2), successive motions for postconviction relief are procedurally barred unless the defendant (i) "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted;" or (ii) "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction...invalid."[16]

9. Bradley has failed to satisfy either of the exceptions set forth in Rule 61(d)(2). Bradley has not pleaded with any particularity that new evidence exists

---

[13] D.I. 152.
[14] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[15] *See, e.g., State v. Taylor*, 2017 WL 838815, at *2–3 (Del. Super. Ct. Mar. 3, 2017).
[16] Super. Ct. Crim. R. 61 (d)(2).

that creates a strong inference of actual innocence. To the contrary, the instant motion focuses on ineffective assistance of counsel and largely attacks evidence seized and admitted in the proceedings leading up to his conviction on grounds formerly adjudicated before both this Court and the Delaware Supreme Court.[17] Further, it is difficult for Bradley to assert that he is innocent here as he videotaped the criminal acts for which he was ultimately convicted. Moreover, while certain of Bradley's twenty-four claims contain allegations that his constitutional rights were violated, none of these grounds for relief establish "new rule[s] of constitutional law, made retroactive to cases on collateral review."[18] Accordingly, Petitioner has failed to establish entitlement to relief based on the exceptions to Rule 61's procedural bars for successive motions. Petitioner's Second Motion for Postconviction Relief is therefore summarily dismissed as required by Rule 61(d)(2).

10.     It is also clear that, even if Petitioner's Motion was not subject to summary dismissal pursuant to Rule 61(d)(2), it would fail to satisfy the procedural requirements set forth in Rule 61(i)(1)-(4). The motion is untimely and raises grounds for relief that were either not asserted at Bradley's trial, on direct appeal, or in his initial postconviction motion, or, alternatively, that were already

---

[17] Under Rule 61(i)(4), there can be no postconviction relief based upon claims formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding. Super. Ct. Crim. R. 61(i)(4).
[18] Super. Ct. Crim. R. 61 (d)(2)(ii).

adjudicated in connection with those proceedings. Insofar as Bradley's motion is premised on ineffective assistance of postconviction counsel, those claims are not means of circumventing Rule 61's procedural bars and, even if they were, Bradley's assertions are vague and meritless.

11.     In addition, Bradley requests that this Judge recuse himself from the case. The Court finds no basis upon which to grant this request. Bradley was afforded a fair trial consistent with the decisions made by his counsel and was likewise guided by competent counsel in connection with his initial Rule 61 petition. Having engaged in the two-part analysis set forth in *Los v. Los*,[19] this Judge is satisfied that, as a matter of subjective belief, it can and has presided over this case in a manner free from any bias or prejudice. The Court also finds there is no objective appearance of partiality here.[20] While Bradley has disagreed with the Court's decisions throughout this litigation, his discontentment in this regard is simply insufficient to justify this Judge's recusal.[21] Finally, the Court notes that

---

[19] 595 A.2d 381, 384–85 (Del. 1991) ("[T]he judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality. ").

[20] *See id. See also State v. Desmond*, 2011 WL 91984, at *8 (Del. Super. Ct. Jan. 5, 2011) ("Indeed, the fact that Defendant's contentions have been uniformly rejected by the Supreme Court of Delaware and the federal courts confirms that no reasonable observer could conclude that this judge's rulings exhibit bias against Defendant."), *aff'd*, 29 A.3d 245 (Del. 2011).

[21] Del. Code of Jud. Conduct, Rule 2.11 (providing that a judge "should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned," including cases of "personal bias or prejudice" toward a party, "personal knowledge of disputed evidentiary facts" involved in the proceeding, economic interest in the outcome of the matter,

Bradley has never denied his criminal actions, which he himself filmed and documented, nor has Bradley stated any remorse for the devastating harm he inflicted upon young and helpless victims. Instead, Bradley relentlessly attempts to blame others for his present situation, claiming he was wronged either by the Court, the police, or his counsel. The truth is that Bradley has been fairly treated at all stages of this litigation and he alone is responsible for his incarceration. Petitioner's request for judicial recusal is denied.

12.    Petitioner's Second Motion for Postconviction Relief is **DISMISSED** and his Motion for Judicial Recusal is **DENIED**.

**IT IS SO ORDERED.**

Judge William C. Carpenter, Jr.

---

etc.). *See also Desmond*, 2011 WL 91984, at *8 ("The granting of a party's motion to recuse or disqualify in any civil or criminal case, in the absence of a *bona fide* reason for recusal or disqualification, would be 'irresponsible' and a dereliction of the judicial duty....").